1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SANTIAGO COVARRUBIAS,

Petitioner,

v.

NEIL McDOWELL, Warden, *et al.*,

Respondents.

Case No.:  19-cv-00546-BAS-WVG

**ORDER:**

**(1)  DENYING MOTION FOR STAY AND ABEYANCE WITHOUT PREJUDICE AND WITH LEAVE TO RESUBMIT [ECF No. 24];**

**AND**

**(2)  REMANDING TO MAGISTRATE JUDGE [ECF No. 17]**

Santiago Covarrubias is a state prisoner proceeding *pro se* and *in forma pauperis* with a First Amended Petition ("FAP) for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, claiming his Fifth, Sixth and Fourteenth Amendment rights were violated because no evidence corroborated  his accomplice's testimony (claim one) and because the court admitted overly prejudicial evidence (claims two and three).  (ECF No. 8.)  His FAP also presents a state law sentencing claim (claim four).  (*Id.*)  Respondent Neil McDowell has filed an Answer contending it "appears" Petitioner has exhausted state court remedies as to all claims in the FAP, and arguing habeas relief is unavailable because claim one does not present a cognizable federal claim, there is no "clearly established federal law"

allowing for relief on claims two and three, and claim four is moot because relief was granted in state court.  (ECF No. 15.)

Pending before the Court is a Report and Recommendation ("R&R") by United States Magistrate Judge William V. Gallo finding the claims in the FAP are exhausted and recommending habeas relief be denied for the reasons set forth in the Answer.  (ECF No. 17.)  Also pending is a Motion for Stay and Abeyance filed by Petitioner who requests this action be stayed and the FAP held in abeyance while he returns to state court to federalize claims in the FAP which the R&R found do not present federal claims, to exhaust any unexhausted claims in the FAP, and potentially exhaust new claims.  (ECF No. 24.) Respondent opposes the motion, arguing that the R&R found all claims in the FAP are exhausted and without merit, that if any claims in the FAP are unexhausted Petitioner has not shown good cause for the failure to exhaust, and that Petitioner has engaged in intentional delay tactics.  (ECF No. 27.)

As set forth herein, Petitioner was served with the Answer more than a year after it was filed and has had no opportunity to file a Traverse before the R&R issued.  His stay motion was filed prior to expiration of the statute of limitations but he was never informed of the requirements for a stay or of the deficiencies in his stay motion.  In addition, the R&R does not adequately address exhaustion or apply the proper standards of review to the claims in the FAP, necessary predicates for ruling on the stay motion, and the record is therefore insufficiently developed to rule on the motion.  The Court will inform Petitioner of the stay requirements, deny his motion without prejudice to its resubmission, and remand this matter to the Magistrate Judge to withdraw the R&R, allow Petitioner to file a Traverse, and issue an amended R&R as instructed herein.  *See* 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.")

# I.   PROCEDURAL BACKGROUND

## A.   State Court

The following history is taken from the state appellate court opinion on direct appeal.

> In 2007, Damien Green and a friend stopped at a taco shop after a night of drinking.  Green struck up a conversation with a Hispanic male, who was accompanied by another Hispanic male.  The conversation became heated, and the Hispanic men left.  They returned a few minutes later, and one of them shot Green to death.  Eyewitnesses gave police general descriptions of the subjects, but the crime went unsolved for several years.
>
> In 2015, Martin Villalpando was charged with first degree murder for the 2007 shooting after DNA evidence established he was at the taco shop during the crime.  Although "cold case" detectives believed Villalpando was one of the two Hispanic men involved, they suspected the other Hispanic man was the actual shooter.  As part of a plea deal, Villalpando was allowed to plead guilty to voluntary manslaughter in exchange for testifying truthfully that Santiago Covarrubias was the actual shooter.  Covarrubias's girlfriend at the time of the shooting (and ex-girlfriend at the time of trial) said he looked "a lot" like the shooter seen in surveillance video of the shooting.  A jury found Covarrubias guilty of first degree murder, and found true the allegation that he personally discharged a firearm causing death.  The trial court sentenced him to a total term of 50 years to life.
>
> On appeal, Covarrubias raises three issues regarding his conviction.  First, he contends the trial court erred in admitting evidence of his ex-girlfriend's identification of him, arguing it was too equivocal and resulted from police pressure.  Second, he challenges the sufficiency of the evidence corroborating Villalpando's accomplice testimony.  Third, Covarrubias contends the trial court erred in allowing a detective to testify that a composite sketch of the shooter resembled a description of the shooter and photos of him.  We reject these contentions and affirm Covarrubias's conviction.
>
> Covarrubias also raises two issues regarding his sentence. . . . The Attorney General concedes both issues.  We agree the concession is appropriate.  Accordingly, we vacate the sentence and remand for resentencing as specified in the Disposition.

(Lodgment No. 8; ECF No. 16-20 at 2–3.)

The claims raised in the appellate court are identical to the claims raised in the FAP, which, other than the sentencing claim, allege violations of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution.  (ECF No. 16-16.)  The appellate court denied those claims on the merits, finding: (1) sufficient evidence was presented to corroborate the accomplice testimony (claim one in the FAP); (2) the evidence of Petitioner's girlfriend's pretrial identification (claim two in the FAP) did not violate due process because its probative value outweighed its prejudicial effect, although the court

3

19cv546

found defense counsel waived the aspect of the claim that the defense was unable to effectively cross-examine her; and (3) the introduction of the detective's testimony regarding similarities between Petitioner's photograph, a composite police sketch, and an eyewitness description of the shooter (claim three in the FAP) did not violate due process because it was introduced in anticipation of a defense strategy revealed as early as the preliminary hearing.  (Lodgment No. 8 at 12–27.)

On September 24, 2018, Petitioner filed a petition for rehearing in the appellate court requesting the court reconsider its finding that defense counsel had failed to bring to the trial court's attention, and therefore waived on appeal, the contention that the defense could not fully cross-examine Petitioner's girlfriend regarding the pressure the police brought to bear on her.  (Lodgment No. 9; ECF No. 16-21.)  The petition for rehearing was summarily denied on September 26, 2018.  (Lodgment No. 10; ECF No. 16-22.)

On October 22, 2018, Petitioner filed a petition for review in the California Supreme Court presenting only two of the claims raised in the appellate court: (1) insufficient evidence to corroborate the testimony of his accomplice; and (2) the admission of unduly prejudicial evidence of his girlfriend's pretrial identification.  (Lodgment No. 11; ECF No. 16-23.)  That petition was denied on December 19, 2018, with an order which states: "The petition for review is denied."  (Lodgment No. 12, ECF No. 16-24.)

## B.   Federal Court

Because the claims in the FAP rely on events Petitioner was or should have been aware of at trial, the triggering date for the one-year statute of limitations is March 19, 2019, the last day to file a petition for writ of certiorari in the United States Supreme Court.  *Bowen v. Roe*, 188 F.3d 1157, 1158–59 (9th Cir. 1999).  The one-year statute of limitations to file a federal petition began to run the next day, March 20, 2019.  *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).  Absent tolling, it expired on March 19, 2020.

Petitioner constructively filed his original *pro se* federal habeas Petition in the District Court for the Eastern District of California on March 12, 2019, before the statute

of limitations began to run.[1]  (ECF No. 1 at 7.)  It was transferred to this Court on March 22, 2019.  (ECF No. 4.)  On April 9, 2019, this Court denied Petitioner's motion to proceed *in forma pauperis* because it did not have adequate financial documentation and dismissed the Petition without prejudice and with leave to amend for failure to satisfy the filing fee requirement and name a proper respondent.  (ECF No. 7.)  Petitioner filed his FAP, the operative pleading in this action, on May 7, 2019, along with a renewed motion to proceed *in forma pauperis*, which was granted.  (ECF Nos. 8–10.)

The FAP presents the same claims as the original Petition, which are those raised in the opening brief on direct appeal in the state appellate court.  (ECF No. 8 at 6–9.)  As noted, only claims one and two were raised in the state supreme court petition for review.

On May 20, 2019, the Court issued a Scheduling Order directing Respondent to Answer the FAP and allowing Petitioner to file a Traverse.  (ECF No. 11.)  Although the Court sent a copy of the Order to Petitioner at his correct address at Ironwood State Prison, it was returned as undeliverable.  (ECF No. 13.)  On June 4, 2019, Respondent filed a Notice indicating that the failure to deliver the Order to Petitioner was a mistake and apologizing to the Court.  (ECF No. 14.)

On June 27, 2019, Respondent filed an Answer and a Notice of Lodgment of the state court record.  (ECF Nos. 15–16.)  Although only claims one and two were presented to the state supreme court, Respondent stated, without explanation or analysis, that the FAP "appears to be timely and exhausted."  (ECF No. 15 at 2.)  Respondent argued: (1) claim four is moot because full sentencing relief was granted in state court; (2) claim one does not present a federal claim; and (3) federal habeas relief is unavailable as to claims two and three because there is no "clearly established federal law" within the meaning of 28 U.S.C. § 2254(d)(1) applicable to such claims.  (ECF No. 15-1 at 13–17.)

---

[1] Petitioner is entitled to the benefit of the "mailbox rule" which provides for constructive filing of court documents as of the date they are submitted to the prison authorities for mailing to the court.  *Anthony v. Cambra*, 236 F.3d 568, 574–75 (9th Cir. 2000).  All filing dates for Petitioner's *pro se* filings set forth herein are constructive filing dates.

19cv546

Petitioner did not file a Traverse.  However, the proof of service of the Answer and Notice of Lodgment indicate they were sent to Petitioner at the California Institute for Men, not Ironwood State Prison, his address of record in this action.  (ECF No. 14 at 3; ECF No. 15-1 at 18.)  On July 8, 2020—more than a year after the Answer and Notice of Lodgment were filed, ten months after the R&R issued, and after the statute of limitations expired— Respondent filed amended notices of service of those documents on Petitioner at his correct address at Ironwood State Prison.  (ECF Nos. 29–30.)

On September 9, 2019, United States Magistrate Judge William V. Gallo filed the R&R finding the claims in the FAP are exhausted and recommending the FAP be denied for the reasons set forth in the Answer.  (ECF No. 17 at 2 n.1, 10–14.)  Petitioner was granted two extensions of time to file Objections to the R&R, which were finally due on February 14, 2020.  (ECF Nos. 19–21.)

Petitioner filed his Motion for Stay and Abeyance on February 12, 2020, more than a month before expiration of the statute of limitations, apparently in lieu of Objections to the R&R.  (ECF No. 24.)  Petitioner states he lacks an adequate understanding of the law, that his federal petition was prepared hastily by a jailhouse lawyer so it could be filed prior to the expiration of the statute of limitations, and that he was misled by his jailhouse lawyer who merely copied verbatim the claims presented in the appellate court opening brief on direct appeal, not all of which were presented to the state supreme court in the petition for review and remain unexhausted.  (*Id*. at 1.)  He states that if this action is stayed and his federal petition held in abeyance while he returns to state court he can correct deficiencies in his federal petition by: (1) exhausting unexhausted claims in the FAP; (2) federalizing his suggestive identification claim (claim two) pursuant to *Neil v. Biggers*, 409 U.S. 188 (1972) (holding that a pretrial identification may violate due process if it is unnecessarily suggestive), which he states is necessary in light of the finding in the R&R that it does not present a federal claim; (3) reviewing his case files which he has requested from his trial and appellate counsel to determine "if an [ineffective assistance of counsel] claim is non-frivolous"; and (4) determining whether those files or the state court record "might reveal

factual information not available before, including the probable cause affidavit which initiated the charges against" him.  (*Id*. at 1–2.)

An Order directing a response to the stay motion was filed on March 2, 2020.  (ECF No. 25.)  Although it is a general practice of this Court to identify the requirements for obtaining a stay and abeyance in the scheduling order on stay motions filed by *pro se* habeas petitioners, the Order setting a briefing schedule contains no such language.  (*Id*.)

On March 23, 2020, Respondent filed an Opposition to the stay motion.  (ECF No. 27.)  Respondent contends Petitioner is not entitled to a stay and abeyance because: (1) all claims in the FAP are exhausted as found in the R&R; (2) all claims in the FAP are without merit as found in the R&R; (3) Petitioner has not shown good cause for his failure to exhaust any unexhausted claims in the FAP; and (4) he has engaged in intentional delay.  (*Id*. at 10–14.)  As with the Answer and Notice of Lodgment, Respondent served Petitioner with the Opposition at the incorrect address of the California Institute for Men rather than Ironwood State Prison.  (*Id*. at 15.)

Petitioner's Reply to Respondent's Opposition was initially due on April 30, 2020.  (ECF No. 25.)  On July 8, 2020, Respondent filed an amended notice of service indicating the Opposition to the stay motion was not served on Petitioner at his correct address until July 8, 2020.  (ECF No. 31.)  The Court thereafter extended the time to file a Reply until August 7, 2020, but none has been filed.  (ECF No. 32.)

## III.   DISCUSSION

"[F]ederal district courts may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims" as "the interests of comity and federalism dictate that state courts must have the first opportunity to decide a petitioner's claims." *Rhines v. Weber*, 544 U.S. 269, 273 (2005) (citing *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982)).  The Supreme Court has stated that "[a]s a result of the interplay between AEDPA's 1-year statute of limitations and *Lundy*'s dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims." *Id*. at 275.

Thus, when presented with a mixed petition, "a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims." *Id.* Such a "stay and abeyance should be available only in limited circumstances" and is appropriate where: (1) "there was good cause for the petitioner's failure to exhaust his claims first in state court," (2) the unexhausted claims are not "plainly meritless" and (3) there is no indication the petitioner has engaged in "abusive litigation tactics or intentional delay." *Id.* at 277–78.

### A.   Exhaustion

Before addressing the *Rhines* requirements, the Court must determine whether there are unexhausted claims in the FAP as Petitioner contends, or they are all exhausted as "appears" to Respondent. This is not just to determine whether *Rhines* applies, but because the R&R addressed the claims on their merits, and "principles of comity and federalism demand that the federal court refrain from ruling on the merits [of an unexhausted] claim unless it 'is perfectly clear that the petitioner has no hope of prevailing.'" *Dixon v. Baker*, 847 F.3d 714, 722 (9th Cir. 2017) (quoting *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005)). "A contrary rule would deprive state courts of the opportunity to address a colorable federal claim in the first instance and grant relief if they believe it is warranted." *Cassett*, 406 F.3d at 624 (citing *Rose*, 455 U.S. at 515).

To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133–34 (1987). Petitioner has met that requirement as to claims one and two of the FAP, but not as to claims three and four, although claim four is not at issue here because, as correctly found in the R&R, Petitioner received compete relief in state court on that claim and it is moot. (ECF No. 17 at 14.)

Respondent states in the Answer that all claims in the FAP "appear" to be exhausted, but without analysis, and to the extent it relies on a finding that all claims were raised in the state supreme court, it is obviously incorrect. Respondent repeats that error in the

8

Opposition to Petitioner's stay motion and relies on a footnote in the R&R to argue the issue of exhaustion has been settled.  The R&R states:

> In its Answer, Respondent stipulated that the First Amended Petition "appears to be timely and exhausted."  (ECF No. 15 at 2.)  Furthermore, California law prohibits the use of a state habeas claim as a "second appeal" of claims raised on direct appeal.  *See in re Waltreus*, 62 Cal. 2d 218, 225 (1965); *In re Winchester*, 53 Cal. 2d 528, 532 (1960), *superseded by statute on other grounds*.  Because Petitioner raises the same claims as his direct appeal in state court, and the Respondent stipulated to exhaustion in its filings, the Court considers the exhaustion requirement of 28 U.S.C. § 2254(b) to be satisfied.

(ECF No. 17 at 2 n.1.)

To the extent the R&R found the exhaustion requirement satisfied because Respondent stipulated to exhaustion, the Court is unable to adopt such a finding.  Petitioner was not informed of the stipulation prior to issuance of the R&R because Respondent did not serve him with the Answer until ten months after the R&R issued.  Further, Petitioner clearly rejects any such stipulation in his stay motion where he argues there are unexhausted claims in the FAP.  It is even unclear whether Respondent's equivocal contention in the Answer and the reliance on the finding in the R&R satisfies the requirement for waiver of the affirmative defense of exhaustion.  *See* 28 U.S.C. 2254(b)(3) ("A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance on the requirement unless the State, through counsel, expressly waives the requirement.").  Even if a waiver exists, Respondent's failure to timely serve the Answer prevented Petitioner from having an opportunity to respond prior to issuance of the R&R, which precludes reliance on the waiver.  *See Wood v. Milyard*, 566 U.S. 463, 472 (2012) (noting that because AEDPA's timeliness requirement, like its exhaustion requirement, "implicat[es] values beyond the concerns of the parties," only where the respondent strategically waives the affirmative defense "*and where petitioner is accorded a fair opportunity to present his position*, may a district court consider the defense on its own initiative.") (quoting *Day v. McDonough*, 547 U.S. 198, 205, 210–11 (2006)) (emphasis added).

The R&R also notes the exhaustion requirement is satisfied because Petitioner cannot now present any of the claims in the FAP in a state habeas petition because they are the type of claims which must be brought on direct appeal and not state habeas.  "A habeas petitioner who has defaulted his federal claims in state court meets the *technical* requirements for exhaustion; there are no state remedies any longer 'available' to him." *Cassett*, 406 F.3d 614, 621 n.5 (9th Cir. 2005) (quoting *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)).  "The exhaustion requirement 'refers only to remedies still available at the time of the federal petition.'  If a petitioner failed to present his claims in state court and can no longer raise them *through any state procedure*, state remedies are no longer available, and are thus exhausted." *Franklin v. Johnson*, 290 F.3d 1223, 1231 (9th Cir. 2002) (quoting *Engle v. Isaac*, 464 U.S. 107, 125 n.28 (1982)) (emphasis added). Technically exhausted claims are procedurally defaulted in federal court.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).

Although the R&R was not specific as to which claims in the FAP were properly exhausted and which are technically exhausted, it is clear Petitioner has properly exhausted claims one and two in the FAP by presenting them to the state supreme court but has not properly exhausted claim three because it has never been presented to that court.  The R&R apparently found claim three technically exhausted because Petitioner could not present it to the state supreme court on state habeas.  That finding, however, was made without the necessary analysis.  *See Johnson v. Lee*, 578 U.S. ___, 136 S.Ct. 1802, 2806 (2016) (recognizing California procedural bar against raising claims on state habeas which should be raised on direct appeal "has several exceptions," and the California Supreme Court has discretion to review claims subject to that bar).  In addition, the R&R only considered whether Petitioner could now raise the claim on state habeas, rather than "through any state procedure." *Franklin*, 290 F.3d at 1231.

But even if claim three is technically exhausted, that means it is also procedurally defaulted, and the R&R did not address whether the procedural default precludes review of the claim.  *See Coleman*, 501 U.S. at 750 (holding that federal habeas review of

10

procedurally defaulted claims is barred unless petitioner can show cause for the default and actual prejudice, or that the failure to consider the claim will result in a miscarriage of justice).  Of course, a federal habeas court need not address procedural default if the outcome of the case is the same as addressing the merits of defaulted claims.  *See Franklin*, 290 F.3d at 1232 (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)).  But because the standard of review applicable to technically exhausted claims is unclear, *see Slovik v. Yates*, 556 F.3d 747, 751 n.4 (9th Cir. 2009), the Court would be required to conduct a de novo review of claim three to deny it if it is technically exhausted.  *See Berghuis v. Thompkins*, 560 U.S. 370, 390 (2010) (holding that when the standard of review is unclear, a federal habeas court may conduct a de novo review to deny a petition "because a habeas petition will not be entitled to a writ of habeas corpus if his or her claim is rejected on de novo review.")

As set forth below, although the R&R identified the correct standard of review for claim two, it did not apply that standard correctly, and it did not identify which standard of review is applicable to a technically exhausted claim three.  Thus, the R&R does not determine whether the claims are cognizable on federal habeas and whether they are "plainly meritless."  Those determinations must be made before a *Rhines* analysis can be conducted.  A proper exhaustion analysis is especially important because a federal habeas court can deny an unexhausted federal claim on the merits *only* where the claim is "plainly meritless," that is, where "it is perfectly clear that the petitioner has no hope of prevailing." *Dixon*, 847 F.3d at 722 ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state.") (quoting *Cassett*, 406 F.3d at 624; 28 U.S.C. § 2254(b)(2)).

The Court remands the R&R with instructions to determine whether claim three is unexhausted or technically exhausted.  Until that finding is made, the Court is unable to determine whether it is appropriate to stay this action and hold the FAP in abeyance.

19cv546

**B.      Dilatory Litigation Tactics**

A *Rhines* stay is not available where a petitioner has engaged in "abusive litigation tactics or intentional delay." *Rhines*, 544 U.S. at 278.  Respondent argues:

> If it had not already been apparent from the Answer, the R&R made it clear that other than the moot resentencing issue, the remaining claims in the FAP did not present cognizable federal questions upon which federal habeas relief could be granted.  Nevertheless, after being told that his claims would not warrant relief, Petitioner did not raise any objections in the R&R in the District Court.  Instead, he filed the instant Motion for Stay in which he now asserts, for the first time, that he has, or might have, other claims that could warrant relief.  Indeed, at its core, Petitioner's Motion asks for more time so that he can engage in a fishing expedition.  This amounts to piecemeal litigation, calls for unnecessary delay, and is wholly inappropriate.

(ECF No. 27 at 13.)

As noted above, Petitioner filed his original federal Petition before the statue of limitations began to run, presented the same claims in the FAP less than a month after being notified of the defects of failing to pay the filing fee and naming a proper respondent, and filed the instant stay motion a month before the one-year statute of limitations expired. Respondent, on the other hand, filed the Answer and Notice of Lodgment nearly nine months before the one-year statute of limitations was set to expire but waited *more than a year* before serving Petitioner, until *after* the statute of limitations expired.  Respondent is correct that Petitioner filed his stay motion in response to the R&R rather than Objections as instructed.  However, it was due to Respondent's failure to timely serve Petitioner with the Answer that the R&R was the *first and only* notice Petitioner received regarding Respondent's contentions that the FAP is exhausted and does not present cognizable federal claims.  In any case, Respondent is aware the Court may construe Petitioner's stay motion as Objections to the R&R.  *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (quoting *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)).  As set forth below, Respondent's contention in the Opposition to the stay motion that the R&R found the FAP does not present cognizable federal claims is wrong, as the

R&R made no such finding, and Respondent waited until after the statute of limitations expired to serve Petitioner with the erroneous and misleading Opposition to his motion.

Petitioner's response to the R&R by filing a stay motion, within the statute of limitations period, asserting the FAP contains unexhausted claims, does not indicate a lack of diligence, intentional delay or abusive litigation tactics.  Rather, Petitioner has been diligent and timely in all his filings, including his stay motion, particularly given the Respondent's repeated failures to timely provide Petitioner with Court filings.  *See Grant v. Swarthout*, 862 F.3d 914, 920 (9th Cir. 2017) (noting that state habeas petitioners are entitled to utilize their entire one-year period to exhaust state court remedies, as "one might even conclude that the period is too short to allow many prisoners, especially the vast majority who are acting pro se, to investigate, research, and fully prepare such complex and lengthy legal documents.")  If a party has engaged in abusive and dilatory litigation tactics in this matter, it is Respondent, not Petitioner.

## C.    Plainly Meritless Claims

A *Rhines* stay is not available where the unexhausted claims are "plainly meritless." *Rhines*, 544 U.S. at 277.  Respondent agues this issue was also settled in the R&R when it found the FAP does not present cognizable federal claims.  (ECF No. 27 at 13.)  The R&R correctly found that claim one, alleging federal due process was violated by insufficiently corroborated accomplice testimony, does not present a cognizable federal claim because the United States Supreme Court has held that introduction of wholly uncorroborated accomplice testimony in a state trial does not violate federal due process.  (ECF No. 17 at 11–12.)  However, the R&R found that although the federal due process aspects of claims two and three were adjudicated on the merits in state court, Petitioner could not prevail on those claims in this Court because there is no "clearly established federal law" applicable to federal due process claims arising from the introduction of prejudicial evidence in a state court criminal trial.  (*Id*. at 12–14.)  Under 28 U.S.C. § 2254(d), for a petitioner to obtain federal habeas relief on a claim adjudicated on the merits in state court, the petitioner must demonstrate that the state court adjudication of the claim:

19cv546

1
2
3

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

4   Even if either of those provisions are satisfied, a petitioner must still show, under de novo

5   review, that a federal constitutional violation occurred to obtain habeas relief. *Fry v. Pliler*,

6   551 U.S. 112, 119–22 (2007). Under de novo review, "state court judgments of conviction

7   and sentence carry a presumption of finality and legality and may be set aside only when a

8   state prisoner carries his burden of proving that [his] detention violates the fundamental

9   liberties of the person, safeguarded against state action by the Federal Constitution." *Hayes

10   v. Brown*, 399 F.3d 972, 978 (9th Cir. 2005) (en banc).

11       The R&R correctly found Petitioner was foreclosed from satisfying 28 U.S.C.

12   § 2254(d)(1) as to claims two and three by *Alberni v. McDaniel*, 458 F.3d 860, 866 (9th

13   Cir. 2006), which held there is no "clearly established federal law" applying to claims

14   challenging the admission of prejudicial evidence in a state court criminal trial, thereby

15   precluding relief under 28 U.S.C. § 2254(d)(1). However, the R&R did not apply 28

16   U.S.C. § 2254(d)(2) to any claim, which requires a showing that the factual findings upon

17   which a state court's adjudication rests be objectively unreasonable. *Miller-El v. Cockrell*,

18   537 U.S. 322, 340 (2003). If 28 U.S.C. § 2254(d)(2) is satisfied, de novo review is

19   required. *Maxwell v. Roe*, 628 F.3d 486, 506 (9th Cir. 2010). The R&R also did not

20   identify and apply the appropriate standard of review to the technically exhausted claim

21   three. *See Slovik*, 556 F.3d at 751 n.4 (identifying conflicting Ninth Circuit case law

22   regarding whether review of a technically exhausted and procedurally defaulted claims

23   should be de novo or under 28 U.S.C. § 2254(d)). If the R&R found claim three to be

24   technically exhausted, it should not have denied relief without conducting a de novo

25   review. *See Berghuis*, 560 U.S. at 390 (holding that when the standard of review is unclear,

26   a federal habeas court may conduct a de novo review to deny a petition). Petitioner must

27   also overcome the procedural default before relief could be granted on a technically

28   exhausted claim three even under de novo review.

Under a de novo review the Court would not be constrained by the lack of "clearly established federal law" within the meaning of 28 U.S.C. § 2254(d)(1).  Rather, it would address the claims under federal law providing that claims based on state evidentiary rulings are cognizable on federal habeas if the admission or exclusion of the evidence was so prejudicial it rendered a trial fundamentally unfair.  *Estelle v. McGuire*, 502 U.S. 62, 70–73 (1991).  "Only if there are no permissible inferences the jury may draw from the evidence can its admission violate due process.  Even then, the evidence must 'be of such quality as necessarily prevents a fair trial.'"  *Jammal v. Van de Kamp*, 926 F.2d 918, 920 (9th Cir. 1991) (quoting *Kealohapauole v. Shimoda*, 800 F.2d 1463, 1465 (9th Cir. 1986)); *Larson v. Palateer*, 515 F.3d 1057, 1066 (9th Cir. 2008) (noting that the general test is "whether the admission of the evidence rendered the trial so fundamentally unfair as to violate [federal] due process.")

Petitioner alleges in claim three here, as he did in the state appellate court, that the detective's testimony that she saw similarities between a photograph of Petitioner, a composite police sketch, and an eyewitness description of the shooter, was without foundation since even the eyewitness could not identify Petitioner from his photograph.  Therefore, according to Petitioner, the testimony constituted improper expert and/or lay identification testimony, was irrelevant to any issue in dispute, was introduced to establish an irrelevant fact—why the detective suspected Petitioner—and violated federal due process because it tipped the balance against him in a close case.  (ECF No. 8 at 8; ECF No. 16-16 at 59–67.)  Because the R&R found that this claim was not federally cognizable pursuant only to the "clearly established" standard, the merits of that claim are not addressed in the R&R.  (ECF No. 17 at 12.)  This may be why Petitioner now contends the claim needs to be federalized.  (ECF No. 24 at 1–2.)

Accordingly, Respondent is incorrect the R&R found all claims in the FAP are not cognizable on federal habeas and "plainly meritless" so as to preclude a *Rhines* stay.  Until determinations have been made about whether Petitioner can satisfy 28 U.S.C. § 2254(d)(2) as to claim two and whether claim three is technically exhausted, procedurally

defaulted, and subject to de novo review, there cannot be a finding whether claim three is cognizable or "plainly meritless."  The Court remands this action to the Magistrate Judge for an amended R&R applying 28 U.S.C. § 2254(d)(2) to claim two and identifying and applying the appropriate standard of review as to claim three.

### D.  Good Cause

As to the final requirement for a *Rhines* stay, which requires good cause for a failure to exhaust, Respondent argues Petitioner is not entitled to a *Rhines* stay because he has not shown good cause.  (ECF No. 27 at 11.)  Petitioner contends in his stay motion that once he reviews files he has requested from his trial and appellate counsel he may have a non-frivolous ineffective assistance of counsel claim.

The Ninth Circuit has "concluded that the ineffective assistance of post-conviction counsel could constitute good cause for a *Rhines* stay, provided that the petitioner's assertion of good cause 'was not a bare allegation of state postconviction (ineffective assistance of counsel), but a concrete and reasonable excuse, supported by evidence.'"  *See Dixon*, 847 F.3d at 721 ("[T]he *Rhines* standard for [ineffective assistance of counsel]-based cause is not any more demanding than the cause standard articulated in *Martinez*.") (quoting *Blake v. Baker*, 745 F.3d 977, 983 (9th Cir. 2014)).  "[A] prisoner may establish cause for a default of an ineffective-assistance claim . . . where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984)."  *Blake*, 745 F.3d at 984 (citing *Martinez v. Ryan*, 566 U.S. 1, 14 (2012)).  Petitioner's stay motion contains a bare allegation of ineffective assistance of counsel insufficient to establish good cause under *Rhines*.  Now that he has been notified of the requirements for a stay, he will be permitted the opportunity to establish good cause if he resubmits his stay motion.

### E.  *Kelly* Stay

In addition, the Ninth Circuit has recognized an alternative to a *Rhines* stay, a *Kelly* stay, where a federal petition which contains only exhausted claims is stayed while the petitioner returns to state court to exhaust unexhausted claims.  *See King v. Ryan*, 564 F.3d

1133, 1135 (9th Cir. 2009) (citing *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003)) overruled on other grounds by *Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007)).   Respondent reserves the right to oppose any future request for a *Kelly* stay.  (ECF No. 27 at 13–14.)

Under the *Kelly* process, Petitioner would delete any unexhausted claims from the FAP and the Court would stay this action and hold in abeyance the newly-amended, fully exhausted petition.  *King*, 564 F.3d at 1135.  Petitioner would then be allowed to proceed to state court to exhaust the unexhausted claims, and, once exhausted, Petitioner would later amend his federal petition to include the newly exhausted claims.  *Id.*  Although the *Kelly* procedure does not have a "good cause" requirement for the failure to exhaust, it requires the newly exhausted claims, if brought back outside the statute of limitations, to relate back to timely, exhausted claims in the original petition.  *Id*. at 1141.  A claim will relate back if it shares a common core of operative facts with a timely, exhausted claim. *Id*. at 1142.  This would appear to apply to Petitioner's request to add to claim two allegations pursuant to *Neil v. Biggers*, 409 U.S. 188 (1972) alleging his girlfriend's pretrial identification was prejudicial, but not to claim three which does not share a common core of operative facts with any exhausted claim in the FAP.

## F.   New Unexhausted Claims

Although not entirely clear, Petitioner may be seeking a stay to exhaust claims which are not contained in the FAP, such as a claim of ineffective assistance of counsel or one based on the probable cause determination in charging him, both mentioned in his stay motion.  Because his motion was filed prior to expiration of the statute of limitations, if he is given a *Rhines* stay retroactive to the date he filed his motion, his claims would be timely in this Court despite the fact that the one-year statute of limitations expired before he first presented them to the state supreme court.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (holding that a state prisoner may timely file "a 'protective' petition in federal court and ask[] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted"); *Rhines*, 544 U.S. at 278 (noting that granting a stay and abeyance "effectively excuses a petitioner's failure to present his claims first to the state courts");

*King*, 564 F.3d at 1140 ("When implemented, the *Rhines* exception eliminates entirely any limitations issue with regard to the originally unexhausted claims, as the claims remain pending in the federal court throughout").  The Court informs Petitioner, however, that any procedural bars the state court may apply could result in a procedural default in this Court even if the claims are timely here under AEDPA's one-year statute of limitations.

The Court also informs Petitioner that absent tolling of the one-year AEDPA statute of limitations, any new claims will likely be untimely here with a *Kelly* stay even if they relate back to timely exhausted claims in the FAP.  However, Petitioner may argue for equitable tolling of the statute of limitations either as a result of the delay by this Court in ruling on his timely stay motion, by Respondent's failure to timely serve the Answer, Notice of Lodgment, or Opposition, or because his delay in presenting claims to the state court until after expiration of the statute of limitations was caused by lack of access to the trial record, counsel files, or ineffective assistance of appellate counsel, for example.  *See Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (holding that a district court must develop the record where there are allegations which, if true, would support equitable tolling); *Lett v. Mueller*, 304 F.3d 918, 922–25 (9th Cir. 2002) (lack of access to legal materials can support equitable tolling); *Spitsyn v. Moore*, 345 F.3d 796, 801–02 (9th Cir. 2003) (ineffective assistance of appellate counsel can support equitable tolling); *Corjasso v. Ayers*, 278 F.3d 874, 878 (9th Cir. 2002) (delay by district court can support equitable tolling).

## IV.    CONCLUSION & ORDER

Although Petitioner has not engaged in "abusive litigation tactics or intentional delay," until determinations are made as to whether and which claims in the FAP are exhausted and not plainly meritless, the Court is unable to rule on his stay motion.  In any case, Petitioner must be given an opportunity to identify any new claims he wishes to exhaust, and, if necessary, show good cause for his failure to exhaust or request equitable tolling.  Because Petitioner has never been informed of those requirements, and the record is insufficiently developed to rule on his stay motion at this time, the Court **DENIES**

**WITHOUT PREJUDICE** his Motion for Stay and Abeyance [ECF No. 24], which will be considered filed as of February 12, 2019, the constructive filing date of his original stay motion.  Petitioner shall resubmit the motion no later than **October 13, 2020**.  Respondent may file an Opposition or Non-Opposition within thirty (30) days of the filing of the renewed stay motion, and Petitioner may file a Reply within thirty (30) days of Respondent's Opposition or Non-Opposition.

Further, this matter is **REMANDED** to the Magistrate Judge to withdraw the pending Report and Recommendation [ECF No. 17] and issue an Amended Report and Recommendation addressing the issues of exhaustion and standards of review set forth herein.  However, because Petitioner was not served with the Answer until after the R&R was issued, he has not had an opportunity to file a Traverse.  Thus, the amended R&R will issue after Petitioner has been given the opportunity to file a Traverse.  Petitioner may file a Traverse on or before **October 13, 2020**.

**IT IS SO ORDERED.**

DATED: September 1, 2020

Hon. Cynthia Bashant
United States District Judge

19cv546