# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTIAGO COVARRUBIAS,<br><br>　　　　　　　　　　Petitioner,<br><br>　v.<br><br>NEIL McDOWELL, Warden, et al.,<br><br>　　　　　　　　　　Respondents. | Case No.: 19-cv-00546-BAS (WVG)<br><br>**ORDER GRANTING MOTION FOR STAY AND ABEYANCE**<br><br>**(ECF No. 37)** |

Santiago Covarrubias is a state prisoner proceeding pro se and in forma pauperis with a First Amended Petition ("FAP") for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for first degree murder with the personal use of a firearm and sentence of 50 years to life in state prison. (ECF No. 8.) Currently pending is Petitioner's unopposed renewed Motion for Stay and Abeyance in which he seeks a stay of this action to complete the exhaustion of his federal claims. (ECF No. 37.)

**I.    PROCEDURAL BACKGROUND**

Petitioner constructively filed his original pro se federal habeas Petition in the District Court for the Eastern District of California on March 12, 2019.[1] (ECF No. 1 at 7.) The case was transferred to this Court and Petitioner filed the FAP on May 7, 2019. (ECF

---

[1] Petitioner is entitled to the benefit of the "mailbox rule" which provides for constructive filing of court documents as of the date they are submitted to the prison authorities for mailing to the court. *Anthony v. Cambra*, 236 F.3d 568, 574–75 (9th Cir. 2000). All filing dates for Petitioner's pro se filings set forth herein are constructive filing dates.

No. 8.) Respondent filed an Answer to the FAP on June 27, 2019. (ECF No. 15.) On September 9, 2019, the assigned United States Magistrate Judge issued a Report and Recommendation ("R&R") finding that the claims in the FAP were exhausted but recommending they be denied on the merits. (*See* ECF No. 17 at 2 n.1, 10–14.) In lieu of objecting to the R&R, Petitioner filed his initial Motion for Stay and Abeyance on February 12, 2020. (ECF No. 24.)

On September 1, 2020, the Court denied the stay motion without prejudice to its renewal. (ECF No. 33.) The Court found Petitioner was served with the Answer over a year after it was filed and had no opportunity to file a Traverse before the R&R issued, and although his stay motion was filed prior to expiration of the statute of limitations he was not served with the Answer or informed of the requirements for a stay until after the limitations period expired. (*Id.*) The Court informed Petitioner of the requirements for a stay and abeyance, denied his stay motion without prejudice to its resubmission effective as of its original filing date prior to expiration of the statute of limitations, and remanded this matter to the Magistrate Judge with instructions to withdraw the R&R and allow Petitioner to either renew his stay motion or file a Traverse to the Answer. (*Id.*)

After the R&R was withdrawn, Petitioner filed the instant renewed stay motion on October 22, 2020. (ECF No. 37.) He states he "is working in good faith" to present his unexhausted claims to the state court and intends to thereafter present them in this Court in a Second Amended Petition. (*Id.* at 1.) Respondent was invited to file an Opposition or Non-Opposition to the motion but has not filed any response to the motion.

## II.   STATE PROCEDURAL BACKGROUND

The following history is taken from the state appellate court opinion on direct appeal.

> In 2007, Damien Green and a friend stopped at a taco shop after a night of drinking. Green struck up a conversation with a Hispanic male, who was accompanied by another Hispanic male. The conversation became heated, and the Hispanic men left. They returned a few minutes later, and one of them shot Green to death. Eyewitnesses gave police general descriptions of the subjects, but the crime went unsolved for several years.

> In 2015, Martin Villalpando was charged with first degree murder for the 2007 shooting after DNA evidence established he was at the taco shop during the crime. Although "cold case" detectives believed Villalpando was one of the two Hispanic men involved, they suspected the other Hispanic man was the actual shooter. As part of a plea deal, Villalpando was allowed to plead guilty to voluntary manslaughter in exchange for testifying truthfully that Santiago Covarrubias was the actual shooter. Covarrubias's girlfriend at the time of the shooting (and ex-girlfriend at the time of trial) said he looked "a lot" like the shooter seen in surveillance video of the shooting. A jury found Covarrubias guilty of first degree murder, and found true the allegation that he personally discharged a firearm causing death. The trial court sentenced him to a total term of 50 years to life.
>
> On appeal, Covarrubias raises three issues regarding his conviction. First, he contends the trial court erred in admitting evidence of his ex-girlfriend's identification of him, arguing it was too equivocal and resulted from police pressure. Second, he challenges the sufficiency of the evidence corroborating Villalpando's accomplice testimony. Third, Covarrubias contends the trial court erred in allowing a detective to testify that a composite sketch of the shooter resembled a description of the shooter and photos of him. We reject these contentions and affirm Covarrubias's conviction.
>
> Covarrubias also raises two issues regarding his sentence. . . . The Attorney General concedes both issues. We agree the concession is appropriate. Accordingly, we vacate the sentence and remand for resentencing as specified in the Disposition.

(ECF No. 16-20 at 2–3.)

The claims raised in the appellate court are identical to the claims raised in the FAP, which, other than the sentencing claim, allege violations of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution. (ECF No. 8 at 6–9; ECF No. 16-16.) The appellate court denied those claims on the merits, finding: (1) sufficient evidence was presented to corroborate the accomplice testimony (claim one here); (2) the evidence of Petitioner's girlfriend's pretrial identification (claim two here) did not violate due process because its probative value outweighed its prejudicial effect, although the court found defense counsel had waived the aspect of the claim that the defense was unable to effectively cross-examine her; and (3) the introduction of the detective's testimony

regarding similarities between Petitioner's photograph, a composite police sketch, and an eyewitness description of the shooter (claim three here) did not violate due process because it was introduced in anticipation of a defense strategy revealed as early as the preliminary hearing. (ECF No. 16-20 at 12–27.)

On September 24, 2018, Petitioner's appointed appellate counsel filed a petition for rehearing in the appellate court requesting the court reconsider its finding that defense counsel had failed to bring to the trial court's attention, and therefore waived on appeal, the contention that the defense could not fully cross-examine Petitioner's girlfriend regarding the pressure the police brought to bear on her. (ECF No. 16-21.) The petition for rehearing was summarily denied on September 26, 2018. (ECF No. 16-22.)

On October 22, 2018, Petitioner's appointed appellate counsel filed a petition for review in the California Supreme Court presenting only two of the claims raised in the appellate court: (1) insufficient evidence to corroborate the testimony of his accomplice; and (2) the admission of unduly prejudicial evidence of his girlfriend's pretrial identification. (ECF No. 16-23.) That petition was denied on December 19, 2018, with an order which stated: "The petition for review is denied." (ECF No. 16-24.)

### III. DISCUSSION

Because the claims in the FAP rely on events Petitioner was or should have been aware of at trial, the triggering date for the one-year statute of limitations is March 19, 2019, the last day to file a petition for writ of certiorari in the United States Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). The one-year statute of limitations to file a federal petition began to run the next day, March 20, 2019. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Absent tolling, it expired on March 19, 2020.

Petitioner constructively filed his original pro se federal habeas Petition in the District Court for the Eastern District of California on March 12, 2019, before the statute of limitations began to run. (ECF No. 1 at 7.) It was transferred to this Court on March 22, 2019. (ECF No. 4.) Petitioner filed his FAP on May 7, 2019, more than ten months before the one-year statute of limitations was set to expire. (ECF Nos. 8–10.)

The FAP presents the claims raised in the opening brief on direct appeal in the state appellate court. (ECF No. 8 at 6–9.) As noted, only claims one and two were raised in the state supreme court petition for review and claim three has never been presented to that court, which Petitioner attributed in his original stay motion to his lack of an adequate understanding of the law, a need to rely on a jailhouse lawyer, having become aware only recently of when the statute of limitations was set to expire, and ineffective assistance of appellate counsel in failing to raise claim three in the state supreme court petition for review. (ECF No. 24 at 1–2.) He requests this action be stayed and the FAP be held in abeyance while he presents claim three to the California Supreme Court for the first time and exhausts additional federal aspects of claims one and two. (*Id.*; ECF No. 37 at 2-9.)

"As a result of the interplay between AEDPA's 1-year statute of limitations and *Lundy*'s dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims." *Rhines v. Weber*, 544 U.S. 269, 275 (2005) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). Thus, when presented with a mixed petition, "a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims." *Id.* Such a "stay and abeyance should be available only in limited circumstances" and is appropriate where: (1) "there was good cause for the petitioner's failure to exhaust his claims first in state court"; (2) the unexhausted claims are not "plainly meritless"; and (3) there is no indication the petitioner has engaged in "abusive litigation tactics or intentional delay." *Id.* at 277–78. When these factors are satisfied, "it likely would be an abuse of discretion for a district court to deny a stay." *Id.* at 278.

The Court has previously found Petitioner has not engaged in intentional delay or abusive litigation tactics. (ECF No. 33 at 12–13.) Petitioner contends he has at least one unexhausted claim—claim three—that is not plainly meritless. This claim alleges that the trial court erred in admitting a detective's testimony about similarities between Petitioner's photograph, a composite police sketch, and an eyewitness description of the shooter because it lacked foundation, constituted improper identification testimony, and was

irrelevant. (ECF No. 8 at 8; ECF No. 16-16 at 59–67.)[2] By foregoing opposing Petitioner's renewed motion, Respondent does not contest that this is not a plainly meritless claim. Further, the Court finds it is not plainly meritless because it is not "perfectly clear that the petitioner has no hope of prevailing" on this claim. *Dixon v. Baker*, 847 F.3d 714, 722 (9th Cir. 2017) (quoting *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005)).

Finally, with respect to the good cause standard, although Respondent has not challenged Petitioner's contention of good cause, the Supreme Court has cautioned: "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines*, 544 U.S. at 277. "The caselaw concerning what constitutes 'good cause' under *Rhines* has not been developed in great detail." *Dixon*, 847 F.3d at 720 (citing *Blake v. Baker*, 745 F.3d 977, 980 (9th Cir. 2014)) ("There is little authority on what constitutes good cause to excuse a petitioner's failure to exhaust."). The Ninth Circuit has indicated that the showing required for "good cause" is less than an "extraordinary circumstances" standard. *Jackson v. Roe*, 425 F.3d 654, 661–62 (9th Cir. 2005) ("Although examination into Jackson's failure to exhaust was proper, and indeed, necessary, under *Rhines*, we hold that the application of an 'extraordinary circumstances' standard does not comport with the 'good cause' standard prescribed by *Rhines*.")

Petitioner suggests his appellate counsel's failure to raise claim three in the petition for review in the state supreme court on direct appeal constitutes ineffective assistance of counsel. (ECF No. 24 at 1–2.) The Ninth Circuit has "concluded that the ineffective assistance of post-conviction counsel could constitute good cause for a *Rhines* stay, provided that the petitioner's assertion of good cause 'was not a bare allegation of state

---

[2] Specifically, Petitioner alleges the testimony lacked foundation since the eyewitness could not identify Petitioner from his photograph; constituted improper expert and/or lay identification testimony; and was irrelevant to any issue in dispute as it was introduced to establish an irrelevant fact—why the detective suspected Petitioner—all of which violated federal due process because it tipped the balance against him in a close case. (*Id.*)

postconviction [ineffective assistance of counsel], but a concrete and reasonable excuse, supported by evidence.'" *Dixon*, 847 F.3d at 721 (quoting *Blake*, 745 F.3d at 983). In fact, "the *Rhines* standard for [ineffective assistance of counsel]-based cause" is less demanding than ineffective assistance of counsel-based cause to excuse a procedural default because "such a showing under *Rhines* only permits a petitioner to return to state court—not bypass the state court as would be the case" in excusing a default. *Blake*, 745 F.3d at 984.

The allegation that appellate counsel raised claim three in the state appellate court but provided ineffective assistance by failing to raise it in the state supreme court is sufficient to demonstrate good cause. This is especially so when considering this allegation in combination with Petitioner's contention that his failure to exhaust is based on his lack of understanding of the law, his subsequent reliance on jailhouse lawyers, and Respondent's repeated failure to timely provide Petitioner with Court filings and the erroneous position taken in the Answer regarding the exhaustion status of claim three. (*See* ECF No. 24 at 1–2; ECF No. 33 at 12–13.) "[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify" the failure to exhaust. *Blake*, 745 F.3d at 982 ("While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will."); *Pace v. Diguglielmo*, 544 U.S. 408, 416 (2005) ("A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause.'"). The Court finds Petitioner has satisfied the good cause standard.

As the requirements for a *Rhines* stay have been met, the Court grants Petitioner's renewed motion for stay and abeyance and allows him a reasonable time to return to state court to exhaust his unexhausted claims and thereafter file a Second Amended Petition containing only exhausted claims. *See Rhines*, 544 U.S. at 277–78 (holding that a stay may not be indefinite or without reasonable time limits to exhaust state court remedies).

### IV.  CONCLUSION AND ORDER

Petitioner's renewed Motion for Stay and Abeyance (ECF No. 37) is **GRANTED**. This matter is **STAYED** pending exhaustion of state court judicial remedies. If Petitioner has not already begun the exhaustion process, he must do so within forty-five (45) days of the date this Order is filed and must file a Second Amended Petition within forty-five (45) days after exhaustion is complete. If Petitioner fails to follow these deadlines or seek relief from them upon a showing of good cause, the stay will be lifted and this matter will proceed with the FAP as the operative pleading.

**IT IS SO ORDERED.**

DATED: December 21, 2020

Hon. Cynthia Bashant
United States District Judge